IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2140-D

| | | |
|---|---|---|
| KENNETH RAY WOOLARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LESLIE COOLEY-DISMUKES, | ) | |
| | ) | |
| Respondent. | ) | |

Kenneth Ray Woolard ("Woolard" or "petitioner"), a state inmate proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. See [D.E. 1]; [D.E. 4]. On August 13, 2025, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed the clerk to serve respondent with the petition [D.E. 5]. On October 30, 2025, respondent moved to dismiss the petition [D.E. 12], and filed a memorandum [D.E. 13] and exhibits in support [D.E. 13-2 to 13-15]. The same day, the court notified Woolard about the motion, the consequences of failing to respond, and the response deadline [D.E. 14]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On November 24, 2025, Woolard responded in opposition [D.E. 15]. As explained below, the court grants respondent's motion to dismiss, dismisses Woolard's petition, and denies a certificate of appealability.

I.

A jury in Beaufort County Superior Court convicted Woolard of felonious restraint, second-degree kidnapping, second-degree rape, and two counts of second-degree sexual offense. See State v. Woolard, No. COA19-979, 2020 WL 7974285, at *2 (N.C. Ct. App. Dec. 31, 2020)

(unpublished table decision). The court sentenced Woolard to three consecutive terms of 146 to 236 months for each second-degree sexual offense conviction and the second-degree rape conviction. Id. The court also sentenced Woolard to 50 to 72 months for the second-degree kidnapping conviction and 33 to 49 months for the felonious restraint, to run concurrently to the three judgments for the sex crime convictions. Id. Attorney Norma Laughton represented Woolard at trial. See [D.E. 13-2] 4.

On appeal, Woolard challenged his convictions for second-degree kidnapping and felonious restraint. See Woolard, 2020 WL 7974285, at *3. Woolard also challenged the trial court's award of costs and its restitution order. See id. On December 31, 2020, the North Carolina Court of Appeals vacated petitioner's kidnapping conviction on the basis of improper jury instructions and remanded the action for a new trial on the kidnapping charge. See id. at *7, *10–11. The court of appeals also vacated the trial court's restitution order because it erroneously imposed duplicative costs, and remanded the case for entry of new judgments. See id. at *10–11. On January 20, 2021, the court of appeals certified its judgment to the trial court, and the prosecutor dismissed the kidnapping charge. See [D.E. 13-7, 13-8]. On February 1, 2021, the trial court entered a consent order "striking any restitution . . . that was previously ordered and striking the assessment of duplicative costs that was previously ordered on April 17, 2019." [D.E. 13-9] 2.

On April 29, 2022, Woolard filed a pro se Motion For Appropriate Relief ("MAR") and moved for the appointment of post-conviction counsel in Beaufort County Superior Court. See [D.E. 13-10]. Woolard claimed the trial court judge punished him for exercising his right to a jury trial. See id. at 4–6. Woolard also claimed he received ineffective assistance of trial counsel because his trial attorney failed to object to the sentencing judge's alleged unconstitutional sentencing and allowed the sentencing court to prevent her from placing on the record the details

of a pretrial conversation she had with the judge. See id. at 8. On June 17, 2022, the trial court denied the MAR. See [D.E. 1-1] 7–9.

On March 27, 2023, Woolard petitioned for a writ of certiorari in the North Carolina Court of Appeals. See [D.E. 13-11]. On May 16, 2023, the North Carolina Court of Appeals vacated the superior court's denial of Woolard's MAR, remanded the action to the trial court for an evidentiary hearing, and directed the trial court to appoint counsel to Woolard if the trial court determined he was indigent. See [D.E. 1-1] 10. On June 3, 2024, the state court held an evidentiary hearing on Woolard's MAR. See [D.E. 13-13] 4. Attorney Stephan Hagen represented Woolard at the hearing. See id. at 14. On June 13, 2024, the state court denied the MAR. Id. at 9–13. On June 17, 2024, Attorney Hagen filed a notice of appeal of the denial of Woolard's MAR in Beaufort County Superior Court. See [D.E. 13-14] 2.

On June 13, 2025, Woolard filed a petition under 28 U.S.C. § 2254. See [D.E. 1]. Woolard asserts three claims: (1) his sentence is invalid because the trial court judge punished him for going to trial; (2) he received ineffective assistance of counsel because trial counsel failed to object to his improper sentence or to put her conversation with the judge on the record; and (3) he received ineffective assistance of post-conviction counsel during the MAR evidentiary hearing. See id. at 5–8. Woolard requests a new sentencing hearing. See id. at 12.

II.

A motion to dismiss under Rule 12(b)(6) tests a pleading's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A motion to dismiss a section 2254 petition "tests the legal sufficiency of the petition, requiring the federal habeas court to

assume all facts pleaded by the [section] 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (quotation omitted); see Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009).

To withstand a Rule 12(b)(6) motion, the petition "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a petition's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a petitioner's factual allegations must "nudge[] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79. A court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Accordingly, the court looks to the record of the state habeas proceedings, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See Cullen v. Pinholster, 563 U.S. 170, 180–81 (2011); Walker, 589 F.3d at 139.

Respondent argues Woolard procedurally defaulted his first and second claims. Generally, a state prisoner must exhaust available remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 519 (1982); Hedrick v. True, 443 F.3d 342, 363–66 (4th Cir. 2006). Section 2254's exhaustion requirement demands that state

prisoners give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). State prisoners must file petitions for discretionary review with the state supreme court when that review is part of the ordinary appellate procedure in the state. See id.; Hedrick, 443 F.3d at 364–65.

In North Carolina, a habeas petitioner may satisfy section 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a state post-conviction proceeding (such as a motion for appropriate relief) and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-28(a), 7A-31, 15A-1415, 15A-1422. Woolard raised his first and second claims for the first time in his MAR. Woolard did not file a petition for a writ of certiorari challenging the denial of his MAR in the North Carolina Court of Appeals. See N.C. R. App. P. 21(e); cf. McConnell v. Beck, 427 F. Supp. 2d 578, 582 (M.D.N.C. 2006). Thus, Woolard did not exhaust his first and second claims. See O'Sullivan, 526 U.S. at 845. Accordingly, Woolard procedurally defaulted his first and second claims. See, e.g., Sanders v. Dismukes, No. 1:20-CV-357, 2025 WL 2390267, at *9 (W.D.N.C. May 30, 2025) (unpublished); Ross v. Slagle, No. 1:17-CV-344, 2018 WL 2418561, at *3 (W.D.N.C. May 29, 2018) (unpublished); Mangum v. Perry, No. 1:16CV978, 2017 WL 4286625, at *2 (M.D.N.C. Aug. 29, 2017) (unpublished), report and recommendation adopted, 2017 WL 4271634 (M.D.N.C. Sept. 25, 2017) (unpublished), appeal dismissed, 712 F. App'x 272 (4th Cir. 2018) (per curiam) (unpublished).

Under Martinez v. Ryan, 566 U.S. 1 (2012), a federal habeas petitioner may satisfy the "cause" requirement of an otherwise procedurally defaulted claim of ineffective assistance if: "(1)

the ineffective assistance claim is a substantial one; (2) the cause for default consists of there being no counsel or only ineffective counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding." Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014) (cleaned up); see Trevino v. Thaler, 569 U.S. 413, 423 (2013). A "substantial" claim is one that has "some merit." Martinez, 566 U.S. at 14.

Woolard claims Martinez excuses the procedural bar of his ineffective assistance of trial counsel claim because his post-conviction attorney failed to properly appeal the denial of his MAR.[1] Martinez, however, does not apply to attorney errors beyond initial review collateral proceedings. See id.; Mahdi v. Stirling, 20 F.4th 846, 893–94 (4th Cir. 2021); Johnson v. Warden of Broad River Corr. Inst., No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Feb. 28, 2013) (per curiam) (unpublished); Martin v. Warden, No. MJM-20-3215, 2024 WL 1051119, at *6–7 (D. Md. Mar. 11, 2024) (unpublished); Mullins v. S.C. Att'y Gen., No. 0:19-3017, 2020 WL 4607256, at *6 (D.S.C. Apr. 6, 2020) (unpublished), report and recommendation adopted, 2020 WL 3286959 (D.S.C. June 18, 2020), appeal dismissed, 829 F. App'x 643 (4th Cir. 2020) (per curiam) (unpublished); Singleton v. Warden of Lee Corr. Inst., No. 9:18-3300, 2019 WL 13550714, at *6 (D.S.C. July 30, 2019) (unpublished), report and recommendation adopted, 2019 WL 13550713 (D.S.C. Oct. 23, 2019) (unpublished).[2]

---

[1] Martinez does not apply to Woolard's first claim because the decision only applies to claims of ineffective assistance of trial counsel. See Davila v. Davis, 582 U.S. 521, 530 (2017); Martinez, 566 U.S. at 14–16.

[2] Alternatively, Martinez does not apply to Woolard's ineffective assistance of trial counsel claim because the statute of limitations for the claim expired on February 15, 2022. See 28 U.S.C. § 2244(d)(1)(A). Martinez does not apply to time-barred claims. See Guest v. Dotson,

Woolard has failed to show cause and prejudice or that failure to consider his first and second habeas claims would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 752–53 (1991); United States v. Frady, 456 U.S. 152, 167–68 (1982); Wainwright v. Torna, 455 U.S. 586, 587–88 (1982) (per curiam); see also Maples v. Thomas, 565 U.S. 266, 281 (2012). Thus, Woolard procedurally defaulted his first and second claims.

Finally, Woolard alleges that he received ineffective assistance of post-conviction counsel (i.e., Attorney Hagen) during his MAR evidentiary hearing. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). It does not, however, extend to collateral review where ineffective assistance of trial counsel is not at issue. See Davila v. Davis, 582 U.S. 521, 524 (2017); Martinez, 566 U.S. at 11; Mackall v. Angelone, 131 F.3d 442, 448 (4th Cir. 1997). Thus, Woolard's claim fails.

After reviewing the claims presented in Woolard's petition, the court finds that reasonable jurists would not find the court's treatment of Woolard's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

---

No. 7:25-CV-695, 2025 WL 3709026, at *2 (W.D. Va. Dec. 22, 2025) (unpublished) (collecting cases).

## III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 12], DISMISSES petitioner's petition for a writ of habeas corpus as unexhausted [D.E. 1], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 3 day of August, 2026.

JAMES C. DEVER III
United States District Judge